**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MARK E. STEVENS,

        Plaintiff

  v.

PENNSYLVANIA, D.O.C., et al.,

        Defendants

CIVIL ACTION NO. 3:13-CV-00852

(KOSIK, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

Plaintiff Mark E. Stevens, proceeding *pro se*, is an inmate currently incarcerated at State Correctional Institution – Chester in Chester, Pennsylvania. Stevens filed this civil rights action pursuant to 42 U.S.C. § 1983. At all relevant times to this civil rights action, Stevens was incarcerated at State Correctional Institution – Camp Hill in Camp Hill, Pennsylvania. The complaint was transferred from the United States District Court for the Eastern District of Pennsylvania and filed with this Court on April 2, 2013. (Doc. 3). Pending before this Court is Defendants' motion to dismiss. (Doc. 12).

**I.**   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Mark Stevens brings claims against Corrections Officer Victoria Cain and Sergeant Clair Boring, employees of the State Correctional Institution at Camp Hill. (Doc. 3). Stevens states that he is a Native American. (Doc. 3-1 at 2). Stevens alleges that on March 2, 2013, at 8:00 a.m., he was issued a computer-generated pass to go to the chapel to meet with his spiritual adviser. (Doc. 3-1 at 1). Stevens alleges that this meeting was mandatory. (Doc. 3-1 at 1). On that same day, at 9:30 a.m., Stevens was issued another computer-generated pass to go to the chapel to attend a Native American cultural studies group. (Doc. 3-1 at 1).

On that same day at 1:30 p.m., Defendant Cain verbally called out for chapel passes for a group worship service called Hoop that Stevens regularly attends. (Doc. 3-1 at 1). No computer-generated passes were issued for this service because the computer system was not working. According to Stevens, he did not hear his name being called because he was listening to his radio at that time. (Doc. 3-1 at 1). He also states that several other inmates told him that they had heard his name being called. He then asked Defendant Cain why he never received a pass and she told him that he was "not on the call out." (Doc. 3-1 at 2).

The next day, Stevens spoke with both Defendants Cain and Boring about not having been called for Hoop. Defendant Boring advised Stevens that, per policy, an inmate is only entitled to one chapel visit per week. (Doc. 3-1 at 3). Stevens alleges that Defendant Cain said to him, "maybe they don't want you there." (Doc. 3-1 at 4). Stevens seeks one billion dollars in damages for crushing his spirits; a "review of all religious freedoms towards Native American[s]"; and a written apology published in a newspaper. (Doc. 3 at 5).

On June 10, 2013, Defendants Victoria Cain and Clair Boring filed a motion to dismiss (Doc. 12) and an accompanying brief in support of their motion to dismiss. (Doc. 13). Stevens has not filed a brief in opposition to Defendants' motion to dismiss.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

Defendants have filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because

3

they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. A complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In reviewing a motion to dismiss, a court may consider matters of public record. *See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

B. UNOPPOSED MOTION

Pursuant to Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. The Court of Appeals for the Third Circuit has held that dismissal of a case for failure to comply with a local rule is a "drastic sanction" which should, with few exceptions, follow a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Shuey v. Schwab,* 350 Fed. Appx. 630, 632–33 (3d Cir. 2009). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

C. FIRST AMENDMENT FREE EXERCISE CLAIM

When a prisoner asserts a First Amendment free exercise claim that "a prison policy is impinging on [his] constitutional rights," the court must then apply the four factor test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to legitimate penological interests." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

In evaluating the reasonableness of a prison regulation, the Court considers four factors: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation ... will have on guards and other inmates, and on the allocation of prison resources generally"; (4) whether there are "ready alternatives that could fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests." *Smith v. Kyler*, 295 Fed. Appx. 479, 481 (3d Cir. 2008) (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)) (internal citations omitted). An inmate's mere assertion of a religious belief does not automatically trigger application of the *Turner* factors. *Owens v. Whalen*, 2006 WL 298109, at *6 (M.D. Pa. Feb. 8, 2006). It is well-established that only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection. *Dehart*, 227 F.3d at 51. If an inmate does not establish that his beliefs are sincerely held and religious in nature, thus establishing a constitutionally protected interest, then the *Turner* analysis need not be conducted. *Owens*, 2006 WL 298109, at *6.

Defendants do not contest in their motion to dismiss that Stevens has failed to establish that his Native American beliefs are sincerely held and religious in nature. However, employing

5

the four-prong *Turner* analysis, the Court finds that Stevens has failed to state a claim that his free exercise rights were violated by missing one cultural service event when he was afforded a different service that same day.

Regarding the first *Turner* prong, the policy for religious activities is set forth in Department of Corrections Administrative Directive 819 (Doc. 14, "DC–ADM 819"). *See also Banks v. Beard*, 2013 WL 5465165, at *5 (M.D. Pa. Sept. 30, 2013). Policy DC-ADM 819 allows an inmate "up to once a week to attend one scheduled primary religious gathering." (Doc. 14, DC-ADM 819 § 1.A.VI). Defendants assert that the governmental interest of maintaining continuity of prison jobs bears a rational connection to limiting non work-related activities. (Doc. 13 at 5). Regarding the second *Turner* prong, the Supreme Court held that analysis of the second *Turner* prong does not require a court to determine if the prisoner had alternative means to celebrate, but rather, unless there has been a complete prohibition on these ceremonies or rituals, the court should determine whether a prisoner had alternative means to practice his religion. *Wilson v. Tillman*, 182 Fed. Appx. 126, 129 (3d Cir. 2006) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-52 (1987)). *See also Sutton v. Rasheed*, 323 F.3d 236, 257 (3d Cir. 2003)). Stevens indicates that he received two chapel passes on the day in question to attend a meeting with his spiritual adviser and to attend a Native American cultural studies group. Thus, there was not a complete prohibition on his attending chapel and participating in Native American events that day since there were alternative means for him to practice his faith. With regard to the third *Turner* prong, Defendants state that any group event, either for worship or otherwise, involves using staff that could be elsewhere performing other functions. *See Lindsay v. Chesney*, 179 Fed. Appx. 867, 869 n.2 (3d Cir. 2006) (the right to worship, however, does not necessarily entail an unlimited right to group worship, especially when such an exercise poses

the likelihood of disruption to prison order or stability, or otherwise interferes with the legitimate penological objections of the prison environment). With regard to the fourth prong, Defendants state that there were no other alternatives, other than limiting group worship resources, to conserve staff time and allow other religious groups the opportunity for group worship. ([Doc. 13 at 6](Doc. 13 at 6)).

In this case, Stevens has failed to allege facts sufficient to state a claim for a violation of his First Amendment right to free exercise of religion. As such, it is recommended that the Court dismiss Plaintiff's claim. It is further recommended that if Plaintiff wishes to amend his complaint, he may be granted thirty (30) days to allege additional facts in accordance with the *Turner* factors.

### D. RETALIATION CLAIM

A prisoner alleging retaliation in violation of the Constitution must satisfy three elements: (1) that he engaged in a constitutionally protected activity, *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); (2) that he suffered some adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (citing *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)); and (3) that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to" take the adverse action against him. *Rauser*, 241 F.3d at 333 (citing *Mount Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Stevens has failed to allege any facts that he received adverse action in response to his exercising a constitutional right. Defendants argue that, even assuming that Stevens has identified a constitutionally protected right, he has not established an adverse action. The facts are unclear as to whether Stevens was in fact denied a chapel pass, or whether Stevens was

7

granted a pass but did not hear his name being called. Stevens asserts that he did not hear his name being called for a chapel pass because he was listening to the radio, but that others heard his name being called. (Doc. 3-1 at 1). He additionally asserts that when he confronted Defendant Cain, she informed him that he was "not on the call out." (Doc. 3-1 at 2). Thus it is unclear whether Stevens asserts that he was denied a pass, or whether his name was called and he failed to hear his name being called. Either way, Stevens has not stated any adverse action taken by Defendants in response to his exercising his constitutional rights.[1]

As such, it is recommended that the Court grant Defendants' motion to dismiss as to Plaintiff's retaliation claim. It is further recommended that if Plaintiff wishes to amend his complaint, he be granted thirty (30) days from the date of this Court's order to allege additional facts in accordance with the factors enumerated above.

### E. PSYCHOLOGICAL DAMAGES

The Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e, conditions a prisoner's claim for mental or emotional injury on a showing of accompanying physical injury. Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or

---

[1]The only fact alleged in the complaint that could be considered "adverse" is the allegation wherein Defendant Cain states "maybe they don't want you" referring, presumably, to the Native American organization. Verbal harassment or threats, without some reinforcing act accompanying them, do not state a constitutional claim. *Robinson v. Taylor*, 204 Fed. Appx. 155, 156 (3d Cir. 2006); *Brown v. James*, 2009 WL 790124, at *6-7 (M.D. Pa. Mar. 18, 2009). *See also Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."). Moreover, religious and racially discriminatory statements, racial slurs and epithets, without more, also do not establish liability under § 1983. *Matthews v. Beard*, 2013 WL 1291288 (W.D. Pa. Mar. 27, 2013). As such, Defendant Cain's verbal harassment, alone, does not give rise to a constitutional claim.

other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Oriakhi v. Wood*, 2006 WL 859543, at *7-8 (M.D. Pa. Mar. 31, 2006).

To the extent that Stevens is seeking damages for pain and suffering under § 1983, such request for relief should be dismissed since Stevens fails to allege that he suffered any physical injury. Stevens states that he had a "crushed spirit" in response to Defendant Cain's comment that "maybe they don't want you." Stevens has not alleged any physical injuries resulting from this statement or from any of the allegations in the complaint. As such, it is recommended that any relief for pain and suffering be denied.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the Court grant Defendants' motion to dismiss. (Doc. 12). It is further recommended that Plaintiff be granted leave to amend his complaint within thirty (30) days from the date of this Court's Order, to state additional facts related to his First Amendment claim or Retaliation claim.

BY THE COURT:

Dated: January 14, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK E. STEVENS,<br><br>　　　　　Plaintiff<br>　v.<br><br>PENNSYLVANIA, D.O.C., et al.,<br><br>　　　　　Defendants | CIVIL ACTION NO. 3:13-CV-00852<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 14, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 14, 2014**　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**