**FILED**
**SCRANTON**

JAN 3 1 2014

PER _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK E. STEVENS,
           Plaintiff,

        v.

PENNSYLVANIA, D.O.C., et al.,
           Defendants.

CIVIL ACTION NO. 3:13-CV-852

(Judge Kosik)

## ORDER

AND NOW, this 31st day of January, 2014, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Mark E. Stevens, a prisoner confined at the State Correctional Institution at Chester, Chester, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 in the Eastern District of Pennsylvania. The action, which was based on incidents which occurred while Plaintiff was an inmate at the State Correctional Institution at Camp Hill, was transferred to this court;

(2) In his Complaint, Plaintiff raises a First Amendment free exercise of religion claim and a retaliation claim;

(3) The action is now assigned to Magistrate Judge Karoline Mehalchick for Report and Recommendation;

(4) On January 14, 2014, the Magistrate Judge issued a Report and Recommendation (Doc. 24) wherein she recommended that the court grant Defendants' unopposed Motion to Dismiss; and that we allow Plaintiff leave to file an Amended Complaint within thirty (30) days from the date of this Order;

(5) Specifically, the Magistrate Judge found that Plaintiff failed to allege sufficient facts to state a claim for violation of his First Amendment right to free exercise of religion in accordance with the factors set forth in Turner v. Safley, 482 U.S. 78 (1987); that Plaintiff failed to set forth a claim for retaliation; and that any

damages Plaintiff seeks for pain and suffering be dismissed in that Plaintiff failed to allege that he suffered any physical injury;

(6) On January 29, 2014, Plaintiff filed a notation to the court in which he requests that counsel be appointed and he objects to the "dismiss against the Defendants without counsil (sic)."[1] (Doc. 25);

(7) Plaintiff has failed to file any specific objections to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(8)  If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims.  28 U.S.C.A.§636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987);

(9) We have considered the Magistrate Judge's Report and we concur with her recommendation.  We agree with the Magistrate Judge that Defendants' Motion to Dismiss should be granted and that Plaintiff should be given an opportunity to file an Amended Complaint as to his First Amendment and retaliation claims;

(10) While Plaintiff has requested that counsel be appointed to represent him, Plaintiff has failed to set forth any special circumstances or factors that would warrant appointment of counsel at this time.  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 155-157 (3d Cir. 1981).  Therefore, his request for counsel will be denied;

---

[1]The Plaintiff also complains that defendants have "viboly (sic) assaulted and degraded us on several occasions."  We note that claims of verbal abuse or harassment, without more, do not rise to the level of §1983 violations.  Mimms v. Unicor, No. 10-1809, 2010 WL 2747470 (3d Cir. 2010)(per curiam), Maclean v. Secor, 876 F. Supp. 695, 698-699 (ED. PA, 1995)(collecting cases).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Karoline Mehalchick dated January 14, 2014 (Doc. 24) is **ADOPTED**;

(2) The Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**;

(3) The Complaint is **DISMISSED WITHOUT PREJUDICE**;

(4) Plaintiff's request for appointment of counsel is **DENIED**;

(5) The Clerk of Court is directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge; and

(6) Plaintiff, if he so desires, may file an Amended Complaint in accordance with this Order within thirty (30) days from the date of this Order. If he chooses to do so, the Clerk of Court will be directed to reopen this matter and to remand the action to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge